UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MAX DAEE and TONI DAEE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:13-cv-1332 |
| | ) | Judge Aleta A. Trauger |
| v. | ) | |
| | ) | |
| JP MORGAN CHASE BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

The plaintiffs have filed an Amended Second Motion for Sanctions (Docket No. 78), to which the defendant has filed a Response in opposition (Docket No. 79).[1]

On May 4, 2015, the court issued an Order that (1) granted the plaintiffs' Motion to Compel, (2) granted the plaintiffs' Motion for Sanctions, (3) denied the parties' respective Rule 56 motions, (4) held that the plaintiffs were entitled to an award of fees under Rule 37, (5) authorized the plaintiffs to conduct additional discovery, and (6) ordered the defendant ("Chase") to provide supplemental responses to two particular interrogatories (Interrogatory No. 4 and Interrogatory No. 6). (Docket No. 65.) In the accompanying Memorandum, the court admonished Chase and its counsel in multiple respects. (Docket No. 64.) In particular, the court found that Chase had committed discovery abuses and other misconduct and that awarding the plaintiffs certain fees from June 2014 forward constituted an appropriate sanction under Rule 37. For similar reasons, the court also found that the plaintiffs were entitled to additional discovery.

---

[1] The plaintiffs previously filed a Second Motion for Sanctions. (Docket No. 71.) At a status conference on June 8, 2015, the court directed the plaintiffs to file an amended motion to reflect intervening changed circumstances.

In considering the appropriate sanctions, the court declined to impose additional (or more severe) sanctions requested by the plaintiffs, such as precluding Chase from taking certain positions at trial or granting judgment to the plaintiffs.[2]

In compliance with the court's order, Chase served the plaintiffs with supplemental interrogatory responses on May 18, 2015. Chase's counsel also coordinated with plaintiffs' counsel to schedule a mediation for May 26, 2015. After scheduling the mediation, the cost of which Chase agreed in advance to cover, Chase filed a Motion to Substitute Counsel on May 22, 2015. (Docket No. 67.) The court granted the Motion to Substitute on May 26, 2015, which was apparently entered on the docket just four hours before the mediation began. (Docket No. 68.) Chase's new counsel represents that it adequately prepared for the mediation in a short time frame, including meeting with Chase and prior counsel. (Docket No. 79 at p. 3.) New counsel represented Chase at the mediation, which was unsuccessful.

On June 11, 2015, the plaintiffs filed a Second Motion for Sanctions Against Defendant (Docket No. 71), in which the plaintiffs complained that (1) Chase's substitution of counsel prejudiced the parties' settlement efforts, (2) Chase's Second Supplemental Interrogatory Responses remained deficient, and (3) Chase had continued to dodge its discovery obligations. At a June 8, 2015 status conference, the plaintiffs acknowledged that Chase's new counsel was working in good faith to resolve the parties' discovery disputes, the parties agreed to a revised case management schedule, and the court directed the plaintiffs to amend their sanctions motion in light of the parties' agreement concerning discovery.

---

[2] The court reserved judgment as to whether it would also award the plaintiffs fees associated with additional discovery depositions authorized by the court.

On June 11, 2015, the plaintiffs filed an Amended Second Motion for Sanctions, which reasserted the plaintiffs' complaints concerning the mediation and the supplemental interrogatory responses. (Docket No. 78.) In their motion, the plaintiffs do not specify the specific sanctions that they believe are warranted. With respect to the interrogatory responses, the plaintiffs complain that Chase's supplement contradicts its earlier responses and remains vague in certain respects.

With respect to the mediation, the plaintiffs complain that counsel for Chase was not adequately prepared, reflecting a "lack of sincerity" by Chase that "significantly prejudiced" the parties' ability to settle the case. The plaintiffs provided no authority demonstrating that the court should play any role in policing the parties' preparedness for voluntary private mediation discussions. Moreover, the court has no reason to question Chase's good faith, particularly where Chase itself paid for the mediation.

The plaintiffs' other argument relates to the supplemental interrogatory responses served by Chase on May 18, 2015 (while Chase was represented by prior counsel). The court had directed Chase to respond to Interrogatory No. 4 by identifying the specific documents or information on which it based its earlier answer that "the allonges were executed shortly before the foreclosure proceedings at issue in this case began." Chase's supplemental response states that its "internal records" indicated that one Allonge was executed "on or about" October 30, 2013 (the date that the plaintiffs initially filed this action in Tennessee Chancery Court) and that the other Allonge was executed "on or before March 26, 2013." As the plaintiffs point out, this is a qualified answer that (1) does not identify the specific "internal records" supporting the statement and (2) is arguably inconsistent with Chase's previous representation that the Allonges were executed shortly before the initiation of foreclosure proceedings, which may have taken

3

place in *2004 and 2008 – i.e.*, well before 2013 – as well as in 2013. In response to the plaintiffs' motion, Chase (via new counsel) has produced redacted screenshots of internal electronic records reflecting that (1) one of the Allonges was added to the plaintiffs' collateral file on October 30, 2013, and (2) Chase's foreclosure counsel sent an electronic message on March 20, 2013 indicating that the other Allonge had not been provided to its office, at which point Chase sent an executed Allonge to foreclosure counsel. Chase now represents that these records are the "internal records" on which it relied in making the supplemental interrogatory responses.

As to Interrogatory No. 4, the court had directed Chase to state the dates on which it initiated foreclosure proceedings or to indicate why those dates could not be provided. Chase responded by providing the dates on which its records reflected default-related activity (including referral to foreclosure counsel) relative to each loan in 2004 or 2008. The plaintiffs complain that Chase did not squarely answer the question.

The plaintiffs appear to contend that Chase's supplemental responses justify sanctions because they demonstrate that Chase's previous responses were inaccurate. The court has already penalized Chase for its discovery practices, including its previous interrogatory responses, and the court essentially directed Chase to gets its "ducks in a row" in this litigation. Through new counsel, Chase seems to have done that. The plaintiffs have not shown why the court should pile additional sanctions on top of those already imposed, nor do the plaintiffs identify what specific sanctions they believe are warranted here.

Be that as it may, it does concern the court that Chase's internal records may not substantiate Chase's earlier representation that it executed the Allonges before initiating foreclosure proceedings. Based on the limited record before the court, it is not clear whether

4

Chase's representations are inconsistent in the first place. Furthermore, even if there were an inconsistency, there may be a reasonable explanation for it, or the court's previous imposition of sanctions may already have addressed any associated prejudice from inaccurate statements previously made by Chase in this litigation. The court also suspects that the substance of the interrogatory responses (in their multiple iterations) has been, or will be, the subject of ongoing discovery. As it relates to this issue, the court will therefore deny the plaintiffs' motion without prejudice. The plaintiffs may re-assert a request for sanctions at a later stage, if warranted.

Accordingly, the plaintiff's Amended Second Motion for Sanctions (Docket No. 78) is hereby **DENIED WITHOUT PREJUDICE**. As a housekeeping matter, the plaintiffs' Second Motion for Sanctions (Docket No. 71) is **DENIED AS MOOT**.

It is so **ORDERED**.

Enter this 8th day of September 2015.

_____
ALETA A. TRAUGER
United States District Judge